UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| TYRONZIA HICKS | CIVIL ACTION NO. 10-0137 |
| VERSUS | U.S. DISTRICT JUDGE DEE D. DRELL |
| CHARLES JONES, et al | U.S. MAGISTRATE JUDGE JAMES D. KIRK |

**REPORT AND RECOMMENDATION**

Before the court is plaintiff's motion to remand, **Doc. # 8**, referred to me by the district judge for report and recommendation. Plaintiff asserts a claim of disability discrimination and alleges a violation of LSA-C.C. Arts 2315, 2316, 2317, and 2320, and under the Louisiana Employment Discrimination Law, LSA-R.S. 23:321 *et seq.*, as well as LSA-R.S. 51:2231. Defendants timely removed the case to this court on the basis of federal question jurisdiction, specifically 42 U.S.C 2000e-5(f)(3), arguing that federal discrimination laws completely preempt state laws on the subject. Plaintiff seeks to remand pointing out that the petition asserts only state law claims and not federal claims.

Analysis

The factually detailed complaint specifically alleges that the claims are based on the laws of Louisiana. There is no specific mention of federal law as a basis for her claims. Defendants suggest, however, that the factual averments of the

1

petition are sufficient to constitute federal claims.

Federal law provides that the party who brings suit is master of what law is invoked.  *See* The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 33 S.Ct. 410, 57 L.Ed.716 (1913).  The well-pleaded complaint doctrine provides that federal question jurisdiction exists only when "there appears on the face of the complaint some substantial disputed question of federal law."  *See* Carpenter v. Wichita Falls Independent School Dist., 44 F.3d 362 (5th Cir. 1995).  Whether federal question jurisdiction exists in a removed case is based on the allegations of plaintiff's "well-pleaded complaint."  *See* Caterpillar, Inc. v. Williams, 482 U.S. 386, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987).  This rule requires that the federal question be evident from the complaint and not arise from any defense the defendant might raise to defeat the cause of action.  Therefore, "even though a federal claim is available to a plaintiff, if a plaintiff chooses not to assert that federal claim, then the defendant cannot remove the claim to federal court on the basis of a possible asserted claim."  Dardeau at 731, *quoting* Carpenter, 44 F.3d at 366. To support removal, a defendant must show that a federal right is an essential element of plaintiff's cause of action.  Medina v. Ramsey Steel Company, Inc. 238 F.3d 674 (5th Cir. 2001).

However, there are exceptions to the well-pleaded complaint

2

rule.  One exception is the artful pleading doctrine which applies where the plaintiff purposefully obfuscates the federal question and artfully pleads what should be a federal claim in state law terms solely to defeat removal.  Another exception to the well-pleaded complaint rule applies where there exists complete preemption by federal law.  Caterpillar, 107 S.Ct. at 2430.

In this case, plaintiff's claims are not necessarily federal in character, for Louisiana provides practically identical rules to those federal rules prohibiting discrimination on the basis of disability.  Although plaintiffs could have asserted federal claims, she chose not to do so.  This is not a case of artful pleading to avoid claims which should be federal claims.

Defendant argues that federal law, the ADA, completely preempts state law as regards discrimination claims but cites no case so holding, nor are we aware of any. On the contrary, Louisiana courts, as well as those of other states, regularly hear discrimination claims based solely on state law. While federal statutes could preempt certain specific provisions of state law, or provide a defense to certain claims of plaintiff, the federal laws do not serve as completely preempting state law.

Therefore, plaintiff's claims are not based on federal law and this court does not have federal question jurisdiction.

Alternatively, and as an apparent afterthought, defendant

3

argues in brief that two Louisiana defendants were improperly (fraudulently) joined and, therefore, complete diversity exists which gives this court jurisdiction to hear the case.

However, the case was not removed based on diversity jurisdiction. The applicable statute, 28 U.S.C. 1446, provides that the notice of removal must contain a short and plain statement of the grounds for removal. In defendant's notice, diversity was not stated as a ground for removal and it cannot be construed to contain such basis for removal. There is no allegation as to the citizenship of the parties or as to the amount in dispute. Neither did defendants seek to timely (within 30 days)amend the notice of removal to suggest and support diversity as a basis for its removal of the case.

For the foregoing reasons, IT IS RECOMMENDED that the motion to remand be GRANTED and that this case be remanded to the 12th Judicial District Court, Parish of Avoyelles.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be

furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 30th day of March, 2010.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE